CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 30, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JULLIAN ANDREW HUFFMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00438 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SUPERINTENDANT SHANNON FULLER, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Jullian Andrew Huffman, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Huffman's claim is brief:

> The Appalachian Community Correction Alternative Program [ACCAP] is apart [sic] of the Virginia Department of Corrections [VDOC]. I have been trying to do an FOIA request for my complete file while I was at the program from December of 2022 until May 2023.

Compl. 3, ECF No. 1. As relief in this civil lawsuit, Huffman asks the court "[t]o order Superintendent Shannon Fuller and Major Tracy Davidson to hand [his] whole file over to [him].[1] For the Appalachian CCAP to pay [him] for not doing the FOIA." *Id.* at 4. Upon review of the record, I find that the action must be summarily dismissed as legally frivolous.

---

[1] Information online indicates that Huffman filed his Complaint while confined at the Southwest Virginia Regional Jail.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." To avoid such a dismissal, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

FOIA, referring to the Freedom of Information Act, is a federal statute that does not apply to state or local entities such as the ACCAP or the VDOC. 5 U.S.C. § 551(1) ("'[A]gency' means each authority of the Government of the United States. . . ."); *Faxon v. Maryland*, No. JFM–10–28, 2010 WL 148707, at *1 (D. Md. Jan.13, 2010) ("Statute and relevant case law preclude[ ] application of the [Federal] FOIA to a state agency"). Moreover, the Virginia version of FOIA specifically excludes incarcerated persons, such as Huffman, from enjoying any unfettered right to receive information under the Act. Va. Code Ann. § 2.2–3703(C) ("No provision of this chapter . . . shall be construed to afford any rights

to any person (i) incarcerated in a state, local or federal correctional facility" except related to criminal proceedings).[2]

For the reasons stated, Huffman fails to allege that the defendant jail officials, by refusing to provide materials in response to his request under the Federal or Virginia FOIA laws, deprived him of any protected right that is actionable under § 1983. *Ladeairous v. Goldsmith*, No. 3:13CV673, 2015 WL 1787297, at *3 (E.D. Va. Apr. 15, 2015), *aff'd*, 610 F. App'x 315 (4th Cir. 2015) (unpublished). Therefore, I will summarily dismiss this action, pursuant to 42 U.S.C. § 1997e(c)(1), as legally frivolous.

A separate Final Order will be entered herewith.

DATED: October 30, 2024

/s/ JAMES P. JONES
Senior United States District Judge

---

[2] Even if Huffman could show that the defendants somehow violated his rights under the Virginia version of FOIA, such a violation does not provide grounds for relief under § 1983. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 392 (4th Cir. 1990) ("[I]t is well settled that violations of state law cannot provide the basis for a due process claim").